UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ARMAND PETRI,
p/n/g/ of A.J. Petri an infant,
                      Plaintiff,

    v.

LAKE SHORE CENTRAL SCHOOLS,
FRANK NICOTRA,
                      Defendants.
_____

**REPORT
and
RECOMMENDATION**

**09-CV-597A(F)**

APPEARANCES:        FRANK T. HOUSH, ESQ.
                                Attorney for Plaintiff
                                70 Niagara Street
                                Buffalo, New York    14202

                                HARRIS BEACH LLP
                                Attorneys for Defendants
                                MARNIE E. SMITH, of Counsel
                                Larkin at Exchange
                                726 Exchange Street
                                Suite 1000
                                Buffalo, New York   14210

       This is an action alleging violations by Defendants of the Americans with Disabilities Act, and state law claims of discrimination based on the infant A.J. Petri's ("A.J.") disability, autism, negligent hiring, supervision and retention of Defendant Nicotra as director of Eagles Landing Summer Camp ("the camp"), operated by the Defendant School District, and breach of contract.  Plaintiffs allege that Defendants refused to admit A.J. to the camp in July 2008 because of his autistic condition. Following discovery and mediation, the parties agreed to settle the case for $22,500 inclusive of attorneys fees and costs.  The matter came before the undersigned for approval of the settlement in accordance with our Local Rule of Civil Procedure 41(a)(1)

("Rule 41(a)(1)" or "the Rule"). Pursuant to the Rule, I conducted two hearings on the proposed settlement on June 18, 2013 (Doc. No. 35), at which perceived deficiencies in Plaintiffs' submissions were addressed, and August 6, 2013 (Doc. No. 41), at which time I examined the Plaintiffs, Plaintiffs' counsel and Defendants' attorney.

In particular, at the August 6, 2013 hearing, I ascertained that it would be in the best interests of Plaintiffs to settle the case at the dollar amount agreed upon, and award $5,626 to Frank Housh, Esq. as a reasonable fee for prosecuting the case. Mr. Housh submitted, Doc. No. 36-2 at 31, documentation supporting that Mr. Housh logged approximately 42.9 hours on this case, and that his normal billing rate is $250 an hour. The proposed fee represents 25% of the gross settlement consistent with a retainer agreement with Plaintiffs dated May 14, 2012 (Doc. No. 36-2).

Plaintiffs represent that the merits of the case would require significant additional expenditures for expert discovery relating to whether A.J.'s autism qualifies as a disability actionable under the ADA and the risk of litigating issues of whether Defendants in fact discriminated against A.J. on that basis or, as Defendants contend, because neither A.J. nor his parents qualified for the camp as residents of the Defendant School District, constituting a non-discriminatory reason. Settlement also eliminates the potential need to subject A.J. to further discovery procedures and trial.

Under the terms of the settlement, the balance of $16,875 is to be paid to a Special Needs Trust of which Plaintiff Armand Petri II, A.J.'s father, is trustee. This disposition in accordance with Rule 41(a)(1) is also compliant with N.Y.C.P.L.R. § 1206 which requires, subject to exceptions not applicable to this case, that the proceeds of settlement be distributed to the guardian of the infant's property, here Plaintiff Armand

Petri, A.J.'s father, for the use and benefit of the infant A.J. In addition to the monetary aspects of the settlement, Defendant School District agreed to include a non-discrimination policy statement relating to disability on its application form and promotional materials for the camp. A copy of the settlement agreement has been filed (Doc. No. 30-1). Significantly, A.J.'s father represented to the court that A.J.'s physicians have not indicated A.J. suffered any emotional impairment as a result of the events which form the basis of this lawsuit. In support of the settlement, A.J.'s father has submitted an affidavit supporting the settlement (Doc. No. 36-1), and Mrs. Petri, A.J.'s mother, acknowledged her agreement on the record at the August 6, 2013 hearing.

Accordingly, I find the settlement to be "'fair and reasonable and in the infant plaintiff's best interest.'" *Griffiths v. Jugalkishore*, 2010 WL 4359230, at *5 (S.D.N.Y. Oct. 14, 2010) (quoting *Edionwe v. Hussain*, 777 N.Y.S.2d 520, 522 (App. Div. 2d Dep't 2004)). Moreover, I find the amount of the attorney's fee to be "fair and reasonable" compensation, *Griffiths*, 2010 WL. 4359230, at *6 (citing caselaw) considering the difficulty of proof for Plaintiffs and likelihood of success given the uncertainties associated with a potential jury trial, particularly in light of the defense that Defendants' decision to exclude A.J. was a lack of *bona fide* residency, and not his autism condition. Further, given that Mr. Housh's fee represents a reduction to an effective hourly rate of $125 per hour, a reasonable amount in this market for an attorney of Mr. Housh's (approximately 20 years of practice) experience, the court finds, *id.* at *7 (citing *Torres v. City of New York*, 2008 WL 419306, at *1 (S.D.N.Y. Feb. 14, 2008) (court should consider "appropriate market rate for counsel over course of number of hours

approximately worked")), the requested fee is fair and reasonable under the circumstances of this case.

## CONCLUSION

Based on the foregoing, the proposed settlement for the infant Plaintiff should be APPROVED. The Clerk of Court should be directed to close the file.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____
    LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:      September 25, 2013
               Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: September 25, 2013
           Buffalo, New York